Springer, J.,
concurring:
I see this case in a different light. As I see it, the District Attorney of Nye County had the power to charge and negotiate only the crimes that were committed in Nye County. Zebe pleaded guilty to escape, a crime that was committed in Nye County, and to grand larceny of a 1989 Mercury, a crime that was *1486 subject to prosecution in either Nye or Lander County.[1] The plea bargain negotiated by the Nye County District Attorney immunizes Zebe against criminal charges available to that District Attorney (that is to say, criminal charges arising in that officer’s venue) that are “based upon” or “arising out of” the “facts and circumstances upon which said pending charges are based.” All of the “pending charges” that are subject to the plea bargain necessarily relate to crimes committed in Nye County or, like the larceny charge, were subject to prosecution in “either county.”
I see nothing in the plea bargain agreement that would in any way hamper the Lander County District Attorney in prosecuting Zebe for the crimes committed in Lander County, with the exception of larceny of the 1989 Mercury, a crime of which he has already been convicted. The agreement by the Nye County District Attorney can only relate to the “pending charges” in Nye County and to “facts and circumstances upon which the [Nye County] complaint is founded.” Thus, the Nye County District Attorney merely agreed not to pursue any of the charges that had been pending in Nye County (possession of a stolen vehicle, assault with a deadly weapon, burglary, flight, and possession of burglary tools, all crimes committed within Nye County). This agreement is not binding on and has no effect on the Lander County District Attorney. The District Attorney of Nye County had no intention or power to bargain prosecution of crimes that were committed in Lander County. The only exception to this is, as I have stated, prosecution for the Mercury larceny, a crime for which Zebe has already been held liable.
It does not make sense for the majority to say that “one county may not bind another county of Nevada to the terms of a plea agreement.” The crimes committed here are crimes against the State. The counties themselves play no part in this prosecution; and counties, as governmental subdivisions, have no right or interest in trying to “bind” or not bind each other to criminal plea agreements.
This is a very simple case. The Nye County District Attorney can prosecute crimes, on behalf of the State, that were committed in Nye County. The Lander County District Attorney can prosecute crimes that were committed in Lander County — with the exception of the Mercury larceny, a crime that has already been brought to conviction in Nye County. Zebe would be entitled to a writ of prohibition prohibiting the Lander County District Attorney from prosecuting him for the Mercury larceny; but since he is *1487 not being prosecuted in Lander County for this crime, he is not entitled to a writ of prohibition.

NRS 171.060 provides that “[w]hen property taken in one county by . . . larceny . . ., has been brought into another, the venue of the offense is in either county. ...”